IN RE: ) NO. 26-00955-lmj7
)
ASHLEY R. JOYNES ) STELLANTIS FINANCIAL
) SERVICES, INC.'S MOTION TO
Debtor. ) CONFIRM TERMINATION OF
) AUTOMATIC STAY
)

Stellantis Financial Services, Inc., for its Motion to Confirm Termination of Automatic Stay, states:

1. Pursuant to 11 U.S.C. § 362(h), Stellantis Financial Services, Inc. seeks an Order confirming termination of the automatic stay.

2. Stellantis Financial Services, Inc., formerly known as First Investors Financial Services, is a corporation authorized to do business in the state of Iowa.

3. On or about June 5, 2022, debtor executed a Note pursuant to which Stellantis Financial Services, Inc. holds a valid security interest in a 2014 Chevrolet Malibu, VIN 1G11E5SLXEF252684. See attached Note and Certificate of Title.

4. On June 2, 2026, debtor filed a voluntary Chapter 7 bankruptcy petition.

5. Debtor's schedules, filed June 2, 2026, indicate the vehicle is to be retained and the debt to Stellantis Financial Services, Inc. reaffirmed.

6. The first date set for debtor's Meeting of Creditors was July 2, 2026.

7. Within 30 days after the first date set for the meeting of creditors under section 341(a), the debtor shall perform his or her intention with respect to the property. 11 U.S.C. § 521(a)(2)(B).

8. Section 361(h)(1)(B) provides the automatic stay is terminated if debtor fails to perform his or intention within the deadlines set by § 521(a)(2).

9. The combined effect of § 521(a)(2) and § 362(h)(1) is that the automatic stay is terminated if within 30 days after the date set for the 341 meeting, debtor does not perform such intent.

10. Thirty days have elapsed since debtor's 341 meeting, and debtor has failed to reaffirm the debt to Stellantis Financial Services, Inc. pursuant to the time standards set by 11 U.S.C. § 521(a)(2)(A).

11. Because of debtor's failure to comply with the time standards of § 521(a)(2)(A), the automatic stay as to the above referred vehicle is terminated.

12. Neither the trustee nor any other party in interest has filed a Motion to extend the automatic stay.

For the reasons set forth above, pursuant to 11 U.S.C. § 362(h), Stellantis Financial Services, Inc. requests that the court enter an Order confirming termination of the automatic stay in these proceedings as to the above described vehicle and for such other and further relief as the court deems appropriate. Stellantis Financial Services, Inc. further requests the court order Rule of Bankruptcy Procedure 4001(a)(3) not apply.

PICKENS, BARNES & ABERNATHY

By    /s/ Stephanie L. Hinz
      Stephanie L. Hinz AT0003506
      1800 First Avenue NE, Suite 200
      P.O. Box 74170
      Cedar Rapids, IA  52407-4170
      PH:  (319) 366-7621
      FAX: (877) 592-1367
      EMAIL: shinz@pbalawfirm.com

ATTORNEYS FOR STELLANTIS
FINANCIAL SERVICES, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of this document was served on August 4, 2026 upon these parties:

Ashley R. Joynes
1304 Boyd St.
Des Moines, IA 50316

Robb D. Goedicke
Cooper, Goedicke, Reimer & Sparks, P.C.
4949 Pleasant St.
Ste 101
West Des Moines, IA 50266

Charles L. Smith
Telpner Peterson Law Firm, LLP
25 Main Place, Suite 200
P.O. Box 248
Council Bluffs, IA 51502-0248

U.S. Trustee
210 Walnut Street, Room 793
Des Moines, IA  50309

by electronic noticing from the Bankruptcy Court or by envelope addressed to the same at the addresses shown with postage fully paid and by depositing said envelope in a United States Postal Service depository, at Cedar Rapids, Iowa, on August 4, 2026.

_____/s/ Stephanie Hinz_____

DocuSign Envelope ID: 7680F615-2514-4193-9C8A-40987B4E0360

**THIS IS A COPY**
The Authoritative Copy of this record is held at www.docusign.net

| Borrower(s) | Lender | |
|---|---|---|
| ASHLEY RENEE JOYNES<br><br>107 NE 44TH ST 108<br><br>ANKENY, IA 50021<br><br>"I" means each Borrower above, jointly and severally. | Stellantis Financial Services, Inc.<br>dba First Investors Financial Services<br>5757 Woodway Dr., Ste 400<br>Houston, TX  77057<br><br>"You" means the Lender, its successors and assigns. | Date _____06/05/2022_____<br>A phrase, clause, or paragraph on this form that is preceded by a ☐ that is not checked does not apply to this loan. |

**Note** - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: Twelve Thousand Nine Hundred and Sixty-Three and 00/100 _____ Dollars $ 12,963.00 _____ plus

interest from __the date we disburse the loan proceeds__ , until paid in full, at ☒ the rate of _____12.06 % per year. ☐ the Tiered Rates below.

☐ **Tiered Rates** - The interest rate of __N/A__ % on that portion of the unpaid balance not greater than $ N/A _____ .

The rate of __N/A__ % per year on the unpaid balance above __N/A__ _____ .

The rate of __N/A__ % per year on the unpaid balance above __N/A__ _____ but less than $10,000.

☐ **Additional Finance Charge** - I also agree to pay a nonrefundable fee of $ N/A _____ and it will be ☐ paid in cash. ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)

**Payments** - The number, amount and due dates for scheduled payments are disclosed in the Truth in Lending disclosure below.

**Late Charge** - If there is a late charge for this transaction, it will be disclosed in the Truth in Lending disclosure below.

**The Purpose Of This Loan Is** - __Refinance Auto__ .

☐ **Minimum Finance Charge** - I agree to pay a minimum finance charge of $7.50 if I pay off this loan before you have earned that much in finance charges.

☐ This loan is secured by N/A _____ , dated __N/A__ _____ .

☒ **Security Agreement** - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreement secures are defined on page 3 of this agreement.

2014   CHEVROLET      MALIBU          1G11E5SLXEF252684

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost me. | AMOUNT FINANCED<br>The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 12.06 % | $ 5,404.92    e | $ 12,963.00 | $ 18,367.92    e |

My **Payment Schedule** will be:                                                                 "e" means an estimate

| Number of Payments: | Amount of Payments: | When Payments are Due: |
|---|---|---|
| 72   Months | $         255.11 | Monthly, beginning  07/20/2022 |

**Security** - I am giving a security interest in:            ☒ (description of other property)
☐ the Goods or Property being purchased.          2014   CHEVROLET      MALIBU        1G11E5SLXEF252684
☐ Collateral securing other loans with you may also secure this loan.

☒ **Late Charge** - If a payment is not made in full within __10__ days after it is due, I agree to pay a late charge of ____5%____ of the unpaid payment or a max of $15.00 _____ .

**Prepayment** - If I pay off this note early, I   ☐ may  ☒ will not   have to pay a minimum finance charge.
☒ If I pay off this note early, I will not be entitled to a refund of part of the finance charge.

☒ **Assumption** - Someone buying the property securing this loan   ☐ may   ☒ cannot   assume this loan on its original terms.
I can see my contract documents for any additional information about nonpayment, default, and any required repayment before the scheduled date, and prepayment refunds and penalties.

**Credit Insurance** - Credit life, credit accident and sickness (disability), unemployment and any other insurance coverage quoted below, are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below ONLY the coverages I have chosen to purchase.

**Credit Life** - ☐ Single ☐ Joint **Insured** N/A _____ Premium $ N/A _____ Term N/A ____
**Credit Disability** - ☐ Single ☐ Joint **Insured** N/A _____ Premium $ N/A _____ Term N/A ____
**Credit Unemployment** - ☐ Single ☐ Joint **Insured** N/A _____ Premium $ N/A _____ Term N/A ____

My signature below means I want (only) the insurance coverage(s) quoted above. If none are quoted, I have declined all coverages you offered.
X N/A _____ D.O.B. N/A _____ X N/A _____ D.O.B. N/A ____
X N/A _____ D.O.B. N/A _____ X N/A _____ D.O.B. N/A ____
Above Signature(s) Dated: N/A _____

DocuSign Envelope ID: 7680F615-2514-4193-9C8A-40987B4E0360

**THIS IS A COPY**
**The Authoritative Copy of this record is held at www.docusign.net**

| Itemization of Amount Financed | | |
|---|---|---|
| Amount paid to me directly | $ | 0.00 |
| Amount paid on my account | $ | 0.00 |
| Amounts paid to others on my behalf* | | |
| To insurance companies | $ | 0.00 |
| To public officials - **filing fees only** | $ | 10.00 |
| To public officials - **other than** filing fees | $ | 0.00 |
| iLending for GREENSTATE CREDIT U | $ | 12,953.00 |
| N/A | $ | 0.00 |
| N/A | $ | 0.00 |
| iLending Loan Origination Fee | $ | 0.00 |
| N/A | $ | 0.00 |
| (Minus) Prepaid Finance Charge | $ | 0.00 |
| **Amount Financed** | $ | 12,963.00 |

*You may retain or receive a portion of these amounts.

☒ **Property Insurance -** Property insurance is required. I may obtain property insurance from anyone I want that is acceptable to you.
If I get the insurance from or through you, I will pay $ N/A
for ___N/A___ of coverage.

## ADDITIONAL TERMS OF THE NOTE

**Definitions -** "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender and its successors and assigns.
If any part of this note cannot be enforced, such fact will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.

**Name and Location -** My name and address indicated on page 1 are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

**Commissions or Other Remuneration -** I understand and agree that any insurance premiums paid to insurance companies as part of this loan will involve money retained by you or paid back to you as commissions or other remuneration.
    In addition, I understand and agree that some other payments to third parties as part of this loan may also involve money retained by you or paid back to you as commissions or other remuneration.

**Prepayment -** I may prepay this loan in whole or in part at any time. If I prepay in part, I must still make each later payment in the original amount as it becomes due until this note is paid in full.

**Balloon Payment -** Except as provided below, if any scheduled payment is more than twice as large as the average of earlier scheduled payments, I have the right to refinance the amount of that payment at the time it is due without penalty. **This right does not apply if:**
1. The amount financed is more than $5,000 and this loan is secured by an interest in land;
2. The payment schedule has been adjusted to meet my seasonal or irregular income;
3. This loan is secured by a manufactured home or a motor vehicle; or,
4. Other types of loans as designated by rule of the Administrator of the Iowa Consumer Credit Code as not requiring this protection.

**Usury -** The interest rate and other charges on this loan will never exceed the highest rate or charge allowed by law for this loan.

**Default -** I will be in default on this loan and any agreement securing this loan if:
1. I fail to make a payment in full within 10 days of when it is due; or
2. I fail to observe any other covenant of this transaction, the breach of which materially impairs the condition, value or protection of your rights in the property securing this note, or materially impairs my prospect of paying the amounts due under this note.
If any of us are in default on this note or any security agreement, you may exercise your remedies against any or all of us.

**Remedies -** If I am in default on this loan or any agreement securing this loan, you may exercise your rights provided by law and this agreement. I also understand and agree to the following:
1. You may accelerate the due date of the unpaid principal balance of the loan, plus accrued interest and charges, making it due in its entirety before the scheduled due date.
2. You may realize on any property securing this transaction.
3. You may demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy.
4. You may make a claim for any and all insurance benefits or refunds that may be available.
Your right to accelerate, realize on any property securing this transaction, or other remedy may be subject to my right to get notice of a right to cure the default (and the right to cure). You will provide such notice when required as a condition of exercising a remedy you choose. My cure rights will then be explained as required by law.
If I default and you choose not to exercise a remedy, you do not lose the right to treat the event as a default if it happens again.

**Costs And Attorney's Fees -** I agree to pay you the costs you incur to collect this debt or realize on any security. This includes the reasonable expenses you incur to realize on any security interest.
I also agree to pay the reasonable attorneys' fees you incur to collect this debt to the extent permitted by the United States Bankruptcy Code if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

**Independent Obligation -** I understand that my obligation to pay this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

**Waiver -** I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

**Financial Statements -** I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

**Purchase Money Loan -** If this is a Purchase Money Loan, you may include the name of the seller on the check or draft for this loan.

DocuSign Envelope ID: 7680F615-2514-4193-9C8A-40987B4E0360

**THIS IS A COPY**
**The Authoritative Copy of this record is held at www.docusign.net**

**ADDITIONAL TERMS OF THE SECURITY AGREEMENT**

**Secured Obligations -** This security agreement secures this loan (including all extensions, renewals, refinancings and modifications) and any other debt I have with you now or later. Property described in this security agreement will **not** secure other such debts if and to the extent the property:
1. constitutes my principal residence; or
2. is household goods.
This security agreement will last until it is discharged in writing. For the sole purpose of determining the extent of a purchase money security interest arising under this security agreement:
1. Payments on any nonpurchase money loan also secured by this agreement will not be deemed to apply to the Purchase Money Loan; and
2. Payments on the Purchase Money Loan will be deemed to apply first to the nonpurchase money portion of the loan, if any, and then to the purchase money obligations in the order in which the items were acquired.
No security interest will be terminated by application of this formula. "Purchase Money Loan" means any loan the proceeds of which, in whole or in part, are used to acquire any property securing the loan and all extensions, renewals, consolidations and refinancings of such loan.

**Property -** The word "Property," as used here, includes all property that is listed in the security agreement on page 1. If a general description is used, the word Property includes all my property fitting the general description. Property also means all benefits that arise from the described Property (including all proceeds, insurance benefits, payments from others, interest, dividends, stock splits and voting rights). It also means property that now or later is attached to, is a part of, or results from the Property, and all supporting obligations. "Proceeds" includes anything acquired on the sale, lease, license, exchange, or other disposition of the Property; any rights and claims arising out of the Property; and any collections and distributions on account of the Property.

**Ownership And Duties Toward Property -** Unless a co-owner(s) of the Property signed a third party agreement, I represent that I own all the Property. I will defend the Property against any other claim. I agree to do whatever you require to perfect your interest and keep your priority. I will not do anything to harm your position.
I will keep the Property in my possession (except if pledged and delivered to you). I will keep it in good repair and use it only for its intended purposes. I will keep it at my address unless we agree otherwise in writing. I will not use the Property for a purpose that will violate any laws or subject the Property to forfeiture or seizure.
I will not try to sell or transfer the Property, or permit the Property to become attached to any real estate, without your written consent. I will pay all taxes and charges on the Property as they become due. I will inform you of any loss or damage to the Property. You have the right of reasonable access in order to inspect the Property.

**Insurance -** I agree to buy insurance on the Property against the risks and for the amounts you reasonably require. In addition:
1. I will name you as loss payee on any such policy.
2. You may require added security on this loan if you permit any insurance proceeds to be used to repair or replace the Property.
3. If the insurance proceeds do not cover the amounts I still owe you, I will pay the difference.
4. I will keep the insurance until all debts secured by this agreement are paid.

If I do not buy, maintain, and arrange to have you named as loss payee, as agreed above, I understand and agree:
1. You may, but are not required to, purchase insurance to protect your interest in the Property.
2. The insurance you buy may be from an agent or company I might not choose.
3. The insurance will not cover my equity in the Property.
4. The premium you pay may be substantially higher than the premium I might be required to pay for the insurance I have agreed to buy on this note.

**Default And Remedies -** If I am in default, in addition to the remedies listed in the note portion of this document, you may (subject to any applicable notice and cure period):
1. Pay taxes or other charges, or purchase any required insurance, if I fail to do these things (but you are not required to do so). You may add the amount you pay to this loan and accrue interest on that amount at the interest rate in effect on this note until paid in full;
2. Require me to gather the Property and any related records and make it available to you in a reasonable fashion;
3. Use any other remedy allowed by law.
I agree that when you must give notice to me of your intended sale or disposition of the Property, the notice is reasonable if it is sent to me at my last known address by first class mail 10 days before the intended sale or disposition. I agree to inform you in writing of any change in my address.

**Perfection of Security Interest -** I authorize you to file a financing statement covering the Property. I agree to comply with and facilitate your requests in connection with obtaining possession of or control over the Property until this security agreement is terminated. A copy of this security agreement may be used as a financing statement when allowed by law.

**Notice to Consumer: 1. Do not sign this Paper before you read it. 2. You are entitled to a copy of this Paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law. 4. If you prepay the unpaid balance, you may have to pay a Minimum Charge not greater than $7.50.**

**Signatures - I agree to the terms on page 1, 2 and 3 of this agreement. I have received a copy of this document on today's date.**
**THIS IS A CONSUMER CREDIT INSTRUMENT**

Signature _DocuSigned by:_ *Ashley Joynes*
————ED5D5E33B200426...
ASHLEY RENEE JOYNES

Signature _____

Signature _____

Signature _____

# CERTIFICATE OF TITLE TO A VEHICLE Regular

## Designation

Title No. **77BG18302**  Issuing County **Polk**  Issue Date **02/25/2025**

VIN **1G11E5SLXEF252684**  Managing County **Polk**  C332669  Type **Automobile**

| | | | |
|---|---|---|---|
| Year | **2014** | Make **Chevrolet** | Model **Malibu 2lt** |
| Cyl. | **4** | Fuel **Gasoline** | Weight **3,700** |
| Color | **Silver** | | LP. **$25,300** |
| Odometer | **68,526** Actual **Miles** | | |

Style **4D**
GVWR
Sq. Ft.
Cumulative Damage

## Owner(s)

**Joynes, Ashley Renee**
**317 S 19th St Apt 3**
**West Des Moines IA 502655500**

| | Fee | Penalty |
|---|---|---|
| Title Fees | **$0.00** | **$0.00** |
| Totals | **$0.00** | **$0.00** |

Prev. Title No./ST **77BB82306 / IA**

PREVIOUS ELECTRONIC TITLE

---

**1ST Security Interest**

If there are NO Security Interests "X" here: ☐

Date: **08/05/2022**  No: **77L07950688**
Held By: **First Investors Financial Services, Inc**
Address: **PO Box 255388 Sacramento CA 958655388**

**Cancellation of 1ST Security Interest**
Date_____ No_____  Date_____
Holder_____  CO Treas_____
By_____  By_____

**2ND Security Interest**
Date:  No:
Held By:
Address:
**Cancellation of 2ND Security Interest**
Date_____ No_____  Date_____
Holder_____  CO Treas_____
By_____  By_____

**3RD Security Interest**
Date:  No:
Held By:
Address:
**Cancellation of 3RD Security Interest**
Date_____ No_____  Date_____
Holder_____  CO Treas_____
By_____  By_____

---

Witness My Hand

_____Mary L Wells_____  By:_____ Deputy
County Treasurer

kkea  B027774619

THIS TITLE CONTAINS AN EAGLE WATERMARK WHICH IS VISIBLE WHEN HELD TO LIGHT